IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00108-RLV
(5:03-CR-00004-RLV-8)

| | |
|---|---|
| RODERICK LAMAR WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

In this Section 2255 motion, Petitioner contends that he is entitled to relief in this collateral proceeding based on the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), which was filed on June 17, 2013. Among other arguments, Petitioner asserts that the Court announced a new rule of constitutional law that is retroactive to cases on collateral review. The new rule, as Petitioner contends, is that his mandatory minimum sentence was impermissibly enhanced based on facts found by the Court and not by the jury during his criminal proceeding.

During sentencing, the Court found by a preponderance of the evidence that Petitioner was responsible for the death of a government informant under circumstances which would constitute murder under 18 U.S.C. § 1111. The Court applied the Cross-Reference provision under § 2A1.1 of the U.S. Sentencing Guidelines Manual which served to increase Petitioner's

1

offense subtotal to 43 and resulted in a recommended life sentence under the guidelines. Petitioner contends that this was impermissible, judicial fact-finding and he moves the Court to vacate his sentence and resentence him in light of the holding in Alleyne. [5:13-CV-00108, Doc. 1 at 12]. See 28 U.S.C. § 2255(f)(3) (providing that a § 2255 motion is otherwise timely if it was filed within one-year of the date the Supreme Court announced a new rule of constitutional law and that new rule has been made retroactive to cases on collateral review).

The Court will briefly set forth details of Petitioner's criminal history and the history of his previous collateral proceeding in this district.[1] Petitioner was tried by a jury in 2004, and convicted of several counts which included conspiracy to possess with intent to distribute cocaine and cocaine base, and two counts of using and carrying a firearm during and in relation to a drug trafficking crime. Petitioner was sentenced to life imprisonment on the controlled substance offenses plus consecutive terms of 60-months and 300-months' imprisonment on the firearm offenses. (5:03-cr-00004-RLV, Doc. No. 641: Judgment in a Criminal Case). Petitioner's judgment was upheld on appeal to the United States Court of Appeals and his petition for a writ of certiorari was denied by the Supreme Court in 2007. United States v. Williams, 225 F. App'x 151 (4th Cir. 2007) (unpublished).

On May 19, 2008, Petitioner filed a timely motion to vacate under Section 2255. The Court denied all claims for relief in the § 2255 motion and Petitioner appealed to the Fourth Circuit and the Court dismissed his appeal. United States v. Williams, No. 12-7953 (4th Cir. June 10, 2013). It does not appear from the record that Petitioner has filed for further review with the Supreme Court.

---

[1] A full discussion of Petitioner's procedural history in his criminal proceeding and in his habeas proceeding can be found in Case No. 5:08-CV-00041(Doc. No. 76: Order).

As noted, Petitioner has already filed an unsuccessful § 2255 motion. Petitioner's present § 2255 motion depends on a finding that the Supreme Court has announced a new rule of constitutional law in Alleyne and that the new rule has been made retroactive to cases on collateral review. Petitioner's present motion must be dismissed for the reasons set forth below.

First, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under Section 2255.

Second, the Court observes that there is no indication that the Supreme Court intended to make its holding in Alleyne retroactive to cases on collateral review. See, e.g., Simpson v. United States, ___ F.3d ___, 2013 WL 3455876, at *1 (7th Cir. 2013) (noting that § 2255(h)(2) "applies only when the new rule is 'made retroactive to cases on collateral review by the Supreme Court.' The declaration of retroactivity must come from the Justices.'") (internal citations omitted); Smith v. Federal Bureau of Prisons, No. CA 9:13-384-RMG, 2013 WL 3833050, at *4 n.2 (D.S.C. July 23, 2013); United States v. Osborn, No. 13-C-50224, 2013 WL

3

3795700, at *1 (N.D. Ill. July 19, 2013).

For the reasons stated herein, Petitioner's Section 2255 motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 13, 2013

Richard L. Voorhees
United States District Judge